In re A.H. ROBINS COMPANY,
INCORPORATED, Debtor.

Employer's Tax Identification
No. 54–0486348.

In re Larry M. BRUMMET.

No. 85–01307–R.

United States District Court,
E.D. Virginia,
Richmond Division.

March 18, 1998.

Larry M. Brummet, Kansas City, MO, for Respondent.

Orran Lee Brown, Richmond, VA, for Dalkon Shield Claimants Trust.

### MEMORANDUM

MERHIGE, District Judge.

The matter is before the Court on the Dalkon Shield Claimants Trust's Report Regarding Fees Taken Out Of Pro Rata Distributions By Larry M. Brummet relating to a sixty percent pro rata payment made by the Trust to Dalkon Shield Claimant Mary Beth McBride in December 1995. On August 6, 1997, this Court entered an Order (Docket No. 30045) directing Mr. Brummet to appear before the Court at 9:00 a.m. on September 2, 1997, and show cause why he should not be found in contempt for violating this Court's March 1, 1995 Order Disallowing Unreasonable Attorneys Fees On Pro Rata Distribution (Docket No. 21865) and the Order of October 20, 1995 (Docket No. 28475) by retaining more than ten percent in fees out of the pro rata payment to Ms. McBride and by not sending her a copy of the March 1, 1995 Order as it required.

The Trust appeared at that date and time. Mr. Brummet failed to appear. From the bench, the Court ordered him to appear at 9:00 a.m. ET on September 5, 1997, on the contempt issue.

Mr. Brummet did appear at the rescheduled hearing on September 5, 1997. The evidence before the Court at that time, including Mr. Brummet's testimony, established that, in violation of the two Orders of this Court, Mr. Brummet retained a fee of thirty-five percent, rather than the allowed ten percent, out of Ms. McBride's December 1995 sixty percent pro rata payment. As a result, he received $7,295 above the allowed ten percent in fees out of that payment. Mr. Brummet failed to mail Ms. McBride a copy of the March 1, 1995 Order. Mr. Brummet was aware of the terms of both Orders when this conduct occurred.

At the conclusion of the September 5 hearing, the Court ordered Mr. Brummet to reimburse the Trust $1,330 within six months of September 5, 1997—the amount of time

Mr. Brummet requested to be allowed to make such payment. The Court took the remaining issues under advisement.

Since then, Mr. Brummet has submitted three Reports to the Trust, which have been docketed in the Robins case (Docket Nos. 30216, 30217 & 30218). They indicate that Mr. Brummet has not resolved the question of reimbursing excess fees to Ms. McBride and has not paid the $1,330 in fees and expenses to the Trust. Although served with copies of the Trust's original Report and subsequent pleadings, neither Ms. McBride nor her attorney have filed any pleadings with this Court or offered any evidence on the calculation of excess fees retained by Mr. Brummet, as set out in paragraph 10 of the Trust's original Report. On the basis of that Report, the Court finds that Mr. Brummet retained from Ms. McBride a net of $3,520.56 in legal fees he had not earned.

Mr. Brummet knowingly violated the March 1, 1995 and October 20, 1995 Orders when he kept thirty-five percent, rather than the allowed ten percent, of Ms. McBride's December 1995 pro rata payment. He also failed to send Ms. McBride a copy of the March 1, 1995 Order as that Order directed. Though the Court sympathizes with anyone undergoing financial strain, Mr. Brummet's economic constraints in December 1995, do not excuse his resort to self-help and disregard of two clear Orders from this Court. He acted in contempt of this Court's directives. The situation must now be corrected.

An appropriate Order shall issue.

### ORDER

For the reasons stated in the memorandum of this Court this day filed and deeming it just and proper so to do, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. The Court finds Mr. Brummet in civil contempt of the March 1, 1995 and October 20, 1995 Orders of this Court by his retention of $7,295 as legal fees in excess of the allowed ten percent in fees out of the sixty percent pro rata payment by the Trust to Ms. McBride in December 1995, and by fail-ing to provide Ms. McBride a copy of the March 1, 1995 Order.

2. On the basis of the Trust's uncontested Report, the Court finds that Mr. Brummet owes Ms. McBride the net sum of $3,520.56 as unearned yet retained legal fees relating to her Dalkon Shield Claim.

3. Within thirty days of the date of this Order, Mr. Brummet shall pay the sum of $3,520.56 to Ms. McBride with interest at the federal post-judgment rate in effect on December 7, 1995, pursuant to 28 U.S.C. § 1961, from December 7, 1995, until the date paid.

4. Within thirty days of the date of this Order Mr. Brummet shall pay to the Trust the sum of $1,330.00.

5. Within forty-five days of the date of this Order, Mr. Brummet shall file with the Court and serve upon counsel for the Trust a report indicating his compliance with all the terms of this Order.

6. This is a final, appealable Order and concludes all proceedings before this Court in this contested matter.

Let the Clerk send a copy of this Order and of the accompanying Memorandum to Larry M. Brummet, Post Office Box 5338, Kansas City, Missouri 64131; counsel for Mary Beth McBride, Norman Humphrey, Jr., Humphrey, Farrington & McClain, P.C., 221 West Lexington, Suite 400, Post Office Box 900, Independence, Missouri 64051; and counsel for the Trust, Orran Lee Brown, Post Office Box 1314, Richmond, Virginia 23218–1314.